**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1887**

_____

CRISELL SEGUIN,

               Petitioner,

     v.

UNITED STATES DEPARTMENT OF LABOR, ADMINISTRATIVE REVIEW BOARD, representing the United States Secretary of Labor, the Honorable Alexander Acosta,

               Respondent,

     v.

NORTHROP GRUMMAN SYSTEMS CORP.,

               Intervenor.

_____

**No. 17-2259**

_____

CRISELL SEGUIN,

               Petitioner,

     v.

UNITED STATES DEPARTMENT OF LABOR, ADMINISTRATIVE REVIEW BOARD, representing the United States Secretary of Labor, the Honorable Alexander Acosta,

               Respondent,

v.

NORTHROP GRUMMAN SYSTEMS CORP.,

Intervenor.

_____

On Petitions for Review of the Orders of the United States Department of Labor Administrative Review Board. (15-038; 15-040; 16-014)

_____

Submitted: December 19, 2019                    Decided: January 9, 2020

_____

Before AGEE, KEENAN, and QUATTLEBAUM, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Crisell Seguin, Petitioner Pro Se. Rebecca Azhdam, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent. Emily Fabre Gomez, WILMERHALE LLP, Washington, D.C., for Intervenor.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Crisell Seguin petitions for review of orders from the United States Department of Labor's Administrative Review Board (ARB) awarding her relief in her action seeking whistleblower protection. Seguin has filed a motion to hold her petitions for review in abeyance pending disposition by the Supreme Court of a petition for a writ of certiorari she states she intends to file regarding our related decision in *Northrop Grumman Systems Corp. v. United States Department of Labor*, 927 F.3d 226, 236 (4th Cir. 2019). Although we "may . . . place a case in abeyance pending disposition of matters before this [c]ourt or other courts which may affect the ultimate resolution of an appeal," 4th Cir. R. 12(d), we decline to do so here because the time to file a petition for writ of certiorari expired without Seguin doing so. We therefore deny her motion for abeyance.

Additionally, in *Northrop Grumman Systems Corp.*, "we grant[ed] Northrop's petitions for review, vacate[d] the orders of the ARB and the [administrative law judge (ALJ),] and remand[ed] the case to the ALJ with instructions to dismiss Seguin's administrative complaint and enter judgment in favor of Northrop." 924 F.3d at 236. Here, each of Seguin's challenges revolves around her original administrative complaint. In light of the holding in our published decision, *see id.*, Seguin's petitions for review are moot.

Accordingly, we dismiss Seguin's petitions for review. We also deny her motion to appoint counsel and grant her motion to extend the time to file a reply. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3